UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 14-10071-CIV-KING

RICHARD E. WARNER, JOHN W. PARENTE,
and JOSEPH E. ARDOLINO,

    Plaintiffs,

vs.

CITY OF MARATHON, MICHAEL CINQUE,
RALPH LUCIGNANO, THE STUFFED PIG,
INC., and CSV, INC.

    Defendants.
_____/

## FINAL ORDER OF DISMISSAL

**THIS MATTER** comes before the Court upon Defendant CITY OF MARATHON's Motion to Dismiss (DE 33), filed December 15, 2014, Defendants MICHAEL CINQUE and RALPH LUCIGNANO's Motion to Dismiss the Third Amended Complaint and Incorporated Memorandum of Law (DE 34), filed December 15, 2014, and Defendants THE STUFFED PIG, INC. and CSV, INC.'s Motion to Dismiss Third Amended Complaint (DE 38), filed December 22, 2014.[1] The Court heard extensive argument from the parties regarding Defendants' Motions to Dismiss during a hearing held on May 5, 2015 in Key West, Florida.

---

[1] The Court has additionally considered Plaintiffs' Response to Motions to Dismiss & Memorandum of Law (DE 39), and Defendants' Replies in support of their respective motions (DE 47, 48, 49),

1

## BACKGROUND[2]

Plaintiffs RICHARD E. WARNER and JOHN W. PARENTE, as co-personal representatives of the estate of Joseph Ardolino, II (the "Estate"), and JOSEPH E. ARDOLINO, individually, bring this action against Defendants CITY OF MARATHON (the "City"), MICHAEL CINQUE, RALPH LUCIGNANO, THE STUFFED PIG, INC. ("The Stuffed Pig"), and CSV, INC. ("CSV").

Decedent Joseph Ardolino, II ("Decedent") is the former owner of a property located at 3568-3574 Overseas Highway, in Marathon, Florida (the "Estate's Property"). Prior to Decedent's death on November 11, 2005, Decedent operated a package liquor store on the Property.

Defendant Cinque is an owner or manager of The Stuffed Pig,[3] a business located on a parcel of land adjacent to the Estate's Property's west side (the "Pig Property"), and an owner or manager of the "Trailer Property," which is located slightly to the north east of the Estate's Property. The Trailer Property is owned by CSV. Cinque served on the City's City Council or Planning Commission from 2006 to 2013.

Defendant Lucignano is the owner and operator of Marathon Liquors, which is located a mile-and-a-half to the north east of the Estate's Property, also on the Overseas Highway. Lucignano served on the City's Planning Commission from 2009 to 2013.

---

[2] The facts recited herein are alleged in the Third Amended Complaint (the "Complaint") (DE 26), which the Court accepts as true for the purposes of Defendants' respective motions.
[3] The Stuffed Pig, and the property on which it is located, is owned by S&P, Inc.; S&P, Inc. is not named as a defendant in this case.

2

Until October of 2008, the 4A Right of Way, a public right-of-way owned by Monroe County, ran diagonally across the northern border of the Pig Property and diagonally bisected the Estate's Property; starting at the north west corner of the Pig Property, where it intersected with 35th Street and ending at the south east corner of the Estate's Property, where it intersected with the Overseas Highway.

In December of 2005, shortly after Decedent's passing, Cinque dug a sewer trench from the Trailer Property to the Pig Property. Cinque's sewer trench ran across the 4A Right of Way through the region that bisected the Estate's Property. In April of 2006, the City issued an after-the-fact permit to Cinque to install his sewer line across the public right-of-way. At some point, Monroe County deeded the 4A Right of Way to the City, and, on October 28, 2008, the City, by way of a resolution issued by the City Council, abandoned the portion of the 4A Right of Way that bisected the Estate's Property to the Estate. *See* Resolution 2008-44, City of Marathon, Fla. The Estate learned of Cinque's sewer line through the City Council's resolution, which stated, *inter alia*, "[The Estate] will grant an easement recognizing the existing sewer line from the Stuffed Pig Restaurant until it is replaced by city sewer."

In October of 2006, without providing notice to Decedent's Estate, the City amended its Land Development Regulations ("LDRs") and adopted an ordinance which prohibited package liquor sales within 1,500 feet of any school or existing package liquor store. The Estate Property is within 1,500 feet of a school. The package liquor store formerly located on the Estate Property was the only liquor store within 1,500 feet of a school in Marathon.

3

On June 10, 2011, the Estate entered into a contract, subject to written confirmation from the City that the Property could be used as "a bar and package store," to sell the Property. On July 27, 2011, in response to an inquiry from the Estate, the City's Planning Director informed the Estate that a bar or tavern could be operated on the property after obtaining an alcoholic beverage license and conditional use permit, but the Estate would be required to obtain a variance from the City's LDRs in order to operate a package store on the Property. The Estate made appeals of the Director's determination to the City Planning Commission and the City Council, both of which were denied. The Estate then appealed the City's decision to the Monroe County Circuit Court, which ruled that the zoning ordinance could not be applied to the Estate because the City failed to provide notice to the Estate when it adopted the ordinance. During the Estate's efforts to challenge to ordinance, the buyer revoked the June 10, 2011, contract. The Estate sold the property in 2013 for an amount which was less than the contract price set forth in the June 10, 2011, contract.

## LEGAL STANDARD ON MOTION TO DISMISS

Defendant's Motion to Dismiss alleges that the Complaint fails federal pleading standards and should be dismissed, under Rule 12 of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. Rule 8 requires that a complaint include a "short and plain statement" demonstrating that the claimant is entitled to relief. Fed R. Civ. P. 8. To survive a Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). As a corollary, allegations absent supporting facts are not entitled to this presumption of veracity. *Id.* at 681.

When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Id.* at 664. However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. And, the Court's duty to accept the factual allegations in the complaint as true does not require it to ignore specific factual details "in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). The Court must dismiss a complaint that does not present a plausible claim demonstrating entitlement to relief.

## DISCUSSION

The Complaint purports to state claims against: 1) the City, based upon an "as applied" regulatory taking under the United States and Florida constitutions (Count I), violations of civil rights under 42 U.S.C. § 1983 (Count II), tortious interference with contract rights (Count V), tortious interference with advantageous business relationships (Count VI), conspiracy (Count VIII), and negligence (Count IX); 2) Michael Cinque, in his official capacity as a policymaker for the City, based upon a violation of civil rights under 42 U.S.C. § 1983 (Count III), tortious interference with contract rights (Count V), tortious interference with advantageous business relationships (Count VI), trespass and unjust enrichment (Count VII), and conspiracy (Count VIII); 3) Ralph Lucignano, in his

official capacity as a policymaker for the City, based upon violations of civil rights under 42 U.S.C. § 1983 (Count IV), tortious interference with contract rights (Count V), tortious interference with advantageous business relationships (Count VI), and conspiracy (Count VIII); 4) CSV, based on trespass and unjust enrichment (Count VII); and 5) The Stuffed Pig, based upon trespass and unjust enrichment (Count VII).

In their motions, Defendants seek dismissal of the Complaint in its entirety for a variety of deficiencies, including a failure to plead a "short and plain statement" demonstrating entitlement to relief. Even a cursory review reveals that the Complaint runs afoul of Rule 8; the Complaint is improperly packed with legal argument and conclusory allegations. However, Defendants' respective motions accurately point out that the claims Plaintiffs attempt to make should be dismissed for other reasons, as well. Thus, upon review of the unartfully pleaded Complaint, Defendants' respective motions to dismiss, and consideration of the parties' oral argument at the hearing on the motions, the Court finds as follows:

With respect to Count I, Plaintiffs' allegations fail to state a claim against the City based upon an "as applied" regulatory taking fails because the alleged facts demonstrate that such a claim is not ripe and, in any event, the challenged action cannot be said to have deprived the Estate of all or substantially all economically beneficial use of the property. *See Hillcrest Prop., LLP v. Pasco Cnty.*, 731 F. Supp. 2d 1288, 1295 (M.D. Fla. 2010) ("[I]f the ordinance is alleged to be unconstitutional only as applied to a particular property, the landowner must apply for a variance or exception before the party can seek judicial review.") (quoting *Cent. Fla. Invs., Inc. v. Orange Cnty. Code Enforcement Bd.*,

6

790 So. 2d 593, 597 (Fla. 5th DCA 2001)); *Penn. Cent. Transp. Co. v. City of N.Y.*, 438 U.S. 104 (1978) (mere diminution of value of property arising from a land use regulation does not by itself constitute a taking). Accordingly, Count I is dismissed with prejudice.

With respect to Counts II, III, and IV, Plaintiffs improperly plead at least four distinct causes of action under 42 U.S.C. § 1983 in each count. Indeed, each count appears to make an equal protection claim, a due process claim,[4] a "right to contract" claim, and a Fourth Amendment unreasonable search claim. While this obvious violation of the one-count-per-claim rule warrants dismissal of Counts II, III, and IV, the allegations also fail to state a claim under the various causes of action for substantive reasons. The equal protection claims must be dismissed with prejudice because Plaintiffs are unable to identify any similarly-situated entities that were treated differently than Plaintiffs; the Complaint alleges that the package liquor store operated on the Estate Property was the only store affected by the ordinance. *See Thigpen v. Bibb Cnty.*, 223 F.3d 1231, 1237 (11th Cir. 2000). The substantive due process claims must be dismissed with prejudice because the facts alleged do not implicate any fundamental right. *See McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (citing *Palko v. Conn.*, 302 U.S. 319, 325 (1937)). The procedural due process claims must be dismissed with prejudice because state law provided Plaintiff with adequate post-deprivation remedies, of which Plaintiffs availed themselves. *See Tinney v. Shores*, 77 F.3d 378, 382 (11th Cir. 1996) (per curiam). The right to contract claims must be dismissed with prejudice because it is

---

[4] The due process claim fails to identify whether it asserts a procedural due process claim, substantive due process claim, or both.

clear from the allegations that the complained-of ordinance did not impair an existing contract. *See Vesta Fire Ins. Corp. v. State of Fla.*, 141 F.3d 1427, 1433 (11th Cir. 1998). And, finally, the Fourth Amendment unreasonable search claims are dismissed for failure to state a cause of action. Accordingly, Counts II, III, and IV are dismissed.

With respect to Count V and VI, Plaintiffs' claims for tortious interference with contract rights and advantageous business relationships are barred by Defendants' absolute immunity, as all the complained-of actions were allegedly taken within the scope of Defendants' official duties. *See Goetz v. Noble*, 652 So. 2d 1203 (Fla. 4th DCA 1995). Accordingly, Counts V and VI are dismissed with prejudice.

With respect to Count VII, Plaintiffs again improperly commingle two causes of action in a single count. Indeed, Count VII seeks relief on theories of "trespass and unjust enrichment." This violation of the one-claim-per-count rule warrants dismissal of Count VII, however, Count VII suffers from additional infirmities. Count VII alleges a trespass based upon Cinque running a sewer line across part of the 4A Right of Way in 2005, which was later abandoned to the Estate. The Estate learned of the alleged trespass in 2008, but did not file this action until September of 2014, which is far beyond the four year statute of limitations period for trespass actions. *See* § 95.11(3)(g), Fla. Stat. Furthermore, Count VII fails to state a cause of action for unjust enrichment. Accordingly, Count VII is dismissed with prejudice.

With respect to Count VIII, Plaintiffs' claim for conspiracy is dismissed with prejudice because 1) this claim is barred by the intracorporate conspiracy doctrine and 2)

8

the underlying claims for damages have already been rejected. *See Buckner v. Lower Fla. Keys Hosp. Dist.*, 403 So. 2d 1025, 1027 (Fla. 3d DCA 1981); *see also Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000).

With respect to Count IX, Plaintiffs' claim against the City for negligence is dismissed with prejudice on the basis of the City's sovereign immunity from claims for purely economic torts. *See Cnty. of Brevard v. Miorelli Eng'g, Inc.*, 677 So. 2d 32, 34 (Fla. 5th DCA 1996), *quashed on other grounds*, 703 So. 2d 1049 (Fla. 1997).

## CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED** and **DECREED** that CITY OF MARATHON's Motion to Dismiss **(DE 33)**, Defendants MICHAEL CINQUE and RALPH LUCIGNANO's Motion to Dismiss the Third Amended Complaint and Incorporated Memorandum of Law **(DE 34)**, and Defendants THE STUFFED PIG, INC. and CSV, INC.'s Motion to Dismiss Third Amended Complaint **(DE 38)** be, and the same are, hereby **GRANTED**, and the Third Amended Complaint **(DE 26)** be, and the same is, hereby **DISMISSED WITH PREJUDICE**. All pending motions are **DENIED AS MOOT** and the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida this 4th day of September, 2015.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc: All Counsel of Record

9